**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| RUSLAN ALIBEKOV, | Case No.: 26cv3164 DMS (DEB) |
| Petitioner, | |
| v. | **ORDER GRANTING PETITION** |
| CHRISTOPHER LAROSE, Warden of Otay Mesa Detention Center, et al., | |
| Respondents. | |

This case comes before the Court on the Petition for Writ of Habeas Corpus. Respondent filed a Return to the Petition, and Petitioner filed a Reply.  For the following reasons, the Petition is granted.

Petitioner is a native and citizen of Russia.  (Return, Ex. 1.)  On July 27, 2025, he entered the United States without inspection and was later arrested by Border Patrol officials.  (*Id.*)  He was determined to be inadmissible, placed in expedited removal proceedings, and taken into Immigration and Customs Enforcement ("ICE") custody.  (*Id.*)

On April 14, 2026, Petitioner appeared before an immigration judge for a merits hearing in his removal proceedings.  (Return, Ex. 4.)  At that hearing, the immigration judge denied Petitioner's applications for asylum, withholding of removal, and withholding and deferral of removal under the Convention Against Torture, and ordered Petitioner

1

removed to Russia.  Petitioner filed an appeal of that decision with Board of Immigration Appeals, and that appeal is pending.

On May 20, 2026, Petitioner filed the present case alleging his continued detention without a bond hearing violates his due process rights.  Respondents argue the Court lacks jurisdiction to consider Petitioner's claim, Petitioner is properly detained under 8 U.S.C. S 1225(b)(1)(B)(ii), and Petitioner's detention has not been unconstitutionally prolonged.

In *Banda v. McAleenan*, 385 F.Supp.3d 1099, 1106 (W.D. Wash. 2019), the court set out

> a framework for analyzing a due process challenge to prolonged detention, a six factor balancing test used by some district courts, that considers: (1) the total length of detention to date; (2) the likely duration of future detention; (3) conditions of detention; (4) delays in the removal proceedings caused by the detainee; (5) delays in the removal proceedings caused by the government; and (6) the likelihood that the removal proceedings will result in a final order of removal.

*Sadeqi v. LaRose*, 809 F.Supp.3d 1090, 1093-94 (S.D. Cal. 2025).  This Court has applied those factors to similar claims, *see*, *e.g.*, *De la Torre Duran v. Doe*, Case No. 25cv3230 DMS (DDL); *Ogandzhanian v. Warden of Otay Mesa Detention Center*, Case No. 26cv0093 DMS MSB, ECF No. 6, and does so again here.

Starting with the first factor, Petitioner has been detained since July 27, 2025, or for nearly one year.  The current status of Petitioner's immigration proceedings is unclear, and thus the length of Petitioner's future detention is also unclear.  On the third factor, courts in this District and elsewhere have found the conditions of confinement at Otay Mesa Detention Center, where Petitioner is currently housed, "are not dissimilar to criminal confinement[.]"  *Gao v. LaRose*, 805 F.Supp.3d 1106, 1111 (S.D. Cal. 2025).  *See also Zhakuov v. Noem*, No. 3:26-cv-00288-RBM-DDL, 2026 WL 517981, at *3 (S.D. Cal. Feb. 25, 2026) (quoting *Kydyrali v. Wolf*, 499 F.Supp.3d 768, 773 (S.D. Cal. 2020)) (stating multiple courts have found detention at Otay Mesa "'is indistinguishable from penal confinement'").  On the fourth and fifth factors, Respondents argue they have not engaged in any conduct that delayed Petitioner's immigration proceedings, but they also have not

produced any evidence that any delays should be attributed to Petitioner. Absent any evidence, these factors are neutral. And the same goes for the sixth factor, as it is unclear what the outcome of Petitioner's immigration proceedings will be.

Because the balance of factors weigh in favor of Petitioner, the Court finds Petitioner's detention has become unconstitutionally prolonged and violates due process. Accordingly, Respondents are directed to arrange an individualized bond hearing for Petitioner before an immigration court within fourteen (14) days of this Order unless Petitioner requests a continuance. At that bond hearing, the Government shall have the burden of proving by clear and convincing evidence that Petitioner poses a danger to the community or a risk of flight if released on bond. The parties shall file a Joint Status Report within twenty-one (21) days of this Order's entry confirming Petitioner received a bond hearing and setting out the results thereof.

**IT IS SO ORDERED.**

Dated: July 14, 2026

_____
Hon. Dana M. Sabraw
United States District Judge

26cv3164 DMS (DEB)